E-FILED
Tuesday, 04 April, 2023 09:12:54 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| LESTER DOBBEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 22-cv-4173-JBM |
| | ) |
| UPTOWN PEOPLE'S LAW CENTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Danville Correctional Center ("Danville"), files a Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was incarcerated at Hill Correctional Center ("Hill"). (Doc. 1). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### ALLEGATIONS

Plaintiff files suit against Uptown People's Law Center ("UPLC"), Rob Jeffreys (the Director of the Illinois Department of Corrections), Christine Brannon (Warden and Chief Administrative Officer at Hill), and L. Henson (Mailroom Supervisor at Hill).

1

On or about October 14, 2020, Plaintiff received an "Informational Packet" from Defendant UPLC, a Chicago-based law firm, regarding inmates' eligibility for an economic stimulus payment under the CARES Act. The packet included instructions for submitting a paper application ("1040 - Tax Return Form") directly to the Internal Revenue Service ("IRS") and specified the deadlines for filing or postmarking claims. Plaintiff states that he was not represented by Defendant UPLC, nor did he ask Defendants Henson, Brannon, or Jeffreys to seek the assistance or advice of UPLC regarding the submission of his application.

On October 14, 2020, Plaintiff completed the form and placed it in an unsealed, pre-stamped envelope addressed to the IRS. Plaintiff attached an IDOC "Offender Authorization for Payment" voucher to send the form via certified mail and placed the envelope and voucher in the institutional mail.

Several days later, when Plaintiff did not receive a voucher receipt, Plaintiff wrote a letter to Defendant Henson to inquire about the voucher. On October 20, 2020, Defendant Henson returned Plaintiff's voucher and responded to his letter. Defendant Henson stated: "Uptown Peoples Law Center is picking up all the tax forms at the correctional facilities across the state. They will submit them, therefore your voucher is not needed." *Id.* at 5.

Plaintiff alleges that Defendants Brannon and Jeffreys approved of and facilitated Defendant Henson's delivery of Plaintiff's IRS form to UPLC instead of the U.S. Postal Service. Plaintiff claims that Defendants violated his First Amendment right to communicate directly with the IRS through the outgoing prison mail by allowing the UPLC to intercept his mail. He also claims that Defendants violated the Illinois Constitution.

Plaintiff alleges further that Defendants' "quick actions of conspiring with Uptown People's Law Center to retrieve Plaintiff's 1040 – Tax Form with his personal and private

information, provided no allowable time for Plaintiff to object to Defendant UPLC's unlawful possession of Plaintiff's outgoing mail." *Id.* at 6. Plaintiff alleges that UPLC intentionally and willfully conspired with IDOC officials to obtain Plaintiff's and other inmates' personal and private information and infringed upon his right to communicate directly with the IRS.

As a result of Defendants' actions, he fears that he will suffer financial fraud, identity theft, and emotional distress. Plaintiff does not indicate if he received an economic stimulus payment under the CARES Act.

**ANALYSIS**

The statute of limitations is an affirmative defense but can be raised by the Court if the defense is obvious from the complaint. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit."). Congress did not specify a statute of limitations for civil rights claims under Section 1983. *Ray v. Maher*, 662 F.3d 770, 772 (7th Cir. 2011). In determining the statute of limitations for Section 1983 claims, federal courts have adopted the forum state's statute of limitations for personal injury claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202. Thus, a Section 1983 claim in a United States District Court in Illinois must be filed within two years of the accrual of the claim. A claim accrues for statute of limitations purposes when a plaintiff knows of the fact and cause of an injury. *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017).

Plaintiff filed his Complaint on November 30, 2022. (Doc. 1). The most recent allegation in his Complaint relates to the letter he received from Defendant Henson on October 20, 2020. *Id.*

at 5. Plaintiff does not allege any ongoing harm, nor does he claim that he did not receive an economic stimulus payment. He fears that his personal information was comprised and that he could suffer from identify theft and financial fraud, but there is no indication that this has occurred. *See Worix v. MedAssets, Inc.*, 869 F.Supp.2d 893, 900 (N.D. Ill. Apr. 24, 2012) ("fear of future harm is not a compensable injury in itself"). Therefore, Plaintiff's claims are barred by the statute of limitations.

Plaintiff's Complaint is DISMISSED with prejudice for failure to state a claim under Federal Rule Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any amendment would be futile, as Plaintiff cannot allege a constitutional claim based on these allegations.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot allege a cognizable claim on these facts. This case is therefore closed. The Clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2. This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.

3. Plaintiff's Motion for a Merit Review of Complaint [4] is MOOT.

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable

assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED:   4/4/2023

                                       s/ Joe Billy McDade
                                       Joe Billy McDade
                                       U.S. District Court Judge